Good morning, Your Honors. Don Loftus for the Plaintiff Appellant, Tammy Edwards. Having had a year to consider this matter, I believe that we're really presenting one simple issue for this Court to decide, which will determine whether the plaintiff should be, the appellant should be successful. And that is simply, did the plaintiff's complaint, first amended complaint, sufficiently give notice to the defendant and to the District Court that she was claiming a violation of her state constitutional rights? Let me ask you something. When the county moved for summary judgment, it characterized the complaint in a way which did not include a cause of action based upon any provision of the California Constitution. Correct. Now, did you take issue with that characterization? I did, Your Honor. In the appellant's amended response to the defendant's motion for summary judgment, although not as articulately presented as it should have been, we did, in fact, point out to the Court that she was asserting a violation of her state constitutional rights. And that is page 43. The second paragraph under plaintiff's application to amend complaint. Well, yeah, but that, if anything, suggests that you've got to amend the complaint in order to assert it. That's true. And as I say, it was not artfully drawn, and perhaps I should have stuck with my guns and just stood on the first amended complaint. But the fact is that it does appear in the first amended complaint, and I did point that out in this response. I pointed out that, quote, it should be clear from a reading of plaintiff's first amended complaint that she is claiming that both the county and Graves violated her rights to privacy, and the fact that her first cause of action only refers to government code sections as the basis for liability and not to the California Constitution, should not preclude her asserting the violation of her constitutional rights. So it is there, and I mean, it should have been argued, we should have just stood on that, and I should have just pointed that out to the Court and stopped right there. And so that was my fault, Your Honor. But the fact is that it is presented in the first amended complaint. It was an allegation of a violation, and the fact is that because the defense did not take it up and the court just took that lead, the court did not address it, the district court did not address it. And it is a viable claim. Well, it may be. The problem or it may not be. I mean, I don't know. The difficulty is that, of course, there's only a reference to California Constitution. It's in a cause of action that's based on 1983, and it doesn't identify any particular section or any particular right. And the complaint doesn't allege any of the sort of elements that go into a right of privacy claim under California law, at least as I understand it. So the difficulty is it's sort of, you know, district judge reading the complaint, you're going to say, well, you know, okay, so the words are there. Well, Your Honor, the reference to the California State Constitution is under the second cause of action. It's not labeled a 1983 cause of action. It is jointly set forth in the same sentence with the reference to 1983. And the court, in setting out the 1983 reference in this single sentence was sufficient for the district court to pick up on that because the defense gave them the lead, of course, in their motion for summary judgment. But it should have also been sufficient for the court to pick up on the reference to the violation of the State California Constitution. And the district court was able to discern, as stated in its order, it was able to discern that we were asserting a violation of the privacy rights. But he limited that consideration to the 1983 part of that sentence and totally ignored the reference to the violation of the state constitution. So, I mean, it seems to me to be inconsistent for the court to say, okay, it was a sufficient allegation for the district court to pick up on the 1983, but to ignore the state constitutional reference in that same sentence. And so, if the court agrees with me that there was sufficient notice, and there was, in fact, if you look at the defense brief, they assert that the plaintiff's first complaint was sufficient to alert them that she was claiming violation of her privacy rights under the state constitution. They said that she failed to do that in her first amended complaint, however, but the language is the same. So it was there. They knew it was there. And so, basically, all we're asking is that the court reverse this, only the portion of the district court's order where he dismissed it with prejudice. And ask him under the ACRI authority, since there was a motion to remand in front of him at the time, simply to either decide whether he wants to take it up or whether it should be remanded or dismissed. If it's dismissed, then we ask that it be dismissed without prejudice. Thank you. Okay. Thank you, Mr. Loft. Mr. Ligon? Earl Ligon on behalf of the defendant's county of San Diego and social worker Sandra Graves. Thank you for the opportunity this morning to orally argue this before you. Why shouldn't under ACRI we just lift the dismissal with prejudice, send it back to the district court, say, you know, there's no federal claim remaining. So you may wish to exercise your discretion to ship this back to state court. Several reasons, Your Honor. First of all, no matter how liberal the rules of pleading may be, there is still a requirement that a notice be given as to what the cause is. And the plaintiff in this case simply failed to do that. If a defendant has to go through and analyze a complaint and look at every word and then imagine every conceivable cause of action that could be implied from every word, it's not giving notice. It's leaving it up to the defendant to figure out what is happening. Clearly, plaintiff here alleged that there was a violation of 42 U.S.C. 1983. That section does not create a substantive right, as I'm sure you're well aware, and so it has to be coupled with a reference to a statute that invokes the right and invokes the power of 1442 U.S.C. 1983. I think the judge at the district court level rightly concluded that there was an erroneous reference to the California Constitution, that in fact what was invoked here was the Civil Rights Act, and looked to the federal cause of action as the basis of what was being pled. We simply didn't have notice, and it was obvious from the actions of the judge that he didn't have notice that there was any cause of action being pled under the state constitution. Second, as a matter of law, there is no cause of action or damages under the California Constitution. The plaintiff has cited the Katzenberg case, and if you look at that case carefully, what the Katzenberg case says is that the California Constitution does not create constitutional torts in and of itself. The references to it being mandatory and obligatory are references that invoke injunctive relief and declaratory relief. Katzenberg analyzed the same section that we're dealing with here, but analyzed the due process portion of it, and concluded that there was no constitutional right. In doing that, they also went through in some detail the cases that had dealt with the various sections of the Constitution. There's some language in Katzenberg and in several other California cases that it is Katzenberg and also in Bradford that, you know, misuse of information is kind of a pivotal right of the right of privacy. So that's what the complaint's obviously all about, is misuse of information. The only case that has actually decided whether compensatory damages can be awarded is the Klausen case at 221 Calab 3rd, which I cited in my case and which is also reviewed by the Supreme Court in Katzenberg. The two cases that they did review that had touched upon the right of privacy were White and Klausen. They noted that neither one of them had specifically addressed the issue as to whether compensatory damages were allowed under Article I, Section 1 privacy rights, but they did note that Klausen had said that compensatory damages had concluded that compensatory damages should not be awarded. The court also laid out in Katzenberg the analysis that has to be performed in order to determine whether there is a statutory right, and plaintiff has done nothing in any of the briefings to bear his burden of proof or her burden of proof to establish, number one, as a matter of law that there is a right, or number two, that the facts apply to that right. Plaintiff submitted no facts in this case. All of the facts come from the county's motion for summary judgment. They show that this was a totally inadvertent act. It was performed in furtherance of a judicial endeavor. It was performed in order to provide evidence to the court that was making a crucial decision in the case, whether the child would be returned to her mother or not. So there is a prosecutorial immunity that applies, as a second point. Not only is there not a cause of action, but there is an immunity. I guess we're just so far beyond the real problem here, which is whether the complaint put the county on notice that there was lurking in there a privacy claim under the California Constitution, and whether your motion for summary judgment, which didn't ask for judgment with respect to the California Constitution, scooped it up. Your Honor, if I had been on notice, I would have addressed it. And I think that the district court obviously didn't think that he was on notice as well. It's obvious from the actions of the parties here that there was no notice given that there was an Article I, Section I claim being asserted. You were asking for absolute prosecutorial immunity? Yes. Well, why wouldn't this be a qualified immunity question, rather than absolute? This wasn't prosecutorial, was it? Yes. Sending this big raft of papers over to the agency, what did that have to do with prosecution? It wasn't being sent to the agency. It was being sent to the, I'm sorry, the documents were being sent to the counselor that had been appointed to provide services. That's right. And that counselor then was to provide information to the social worker who was preparing her report, which is submitted to the judge at this 18-month hearing. The purpose of the hearing was to determine whether the child would be returned to her mother. The social worker is the one who develops the evidence, is the one who presents that evidence to the court, and is the one who presents the case on behalf of the Health and Human Services Agency to the judge. The social worker, if you look at the law, both on the state side, Alicia T., starting in the Jenkins case out of Orange County, the Babcock case, the Myers v. Contra Costa case out of the Ninth Circuit on the federal side, it's really clear, I think, that social workers in this type of a proceeding are exercising a prosecutorial function. Are these child welfare cases considered prosecutions? I thought there was a sort of a local parentis, the state and the county agencies that deal with child welfare are in the interest, working in the interest of the child. They're not prosecuting anybody. Well, they are prosecuting a proceeding. And under 821.6 of the government code on the state side, which defines the prosecutorial immunity, the social worker is the one who is prosecuting the proceeding. If you look at it from the federal standpoint, I think the case law, as I said, Babcock and Myers, Miller v. Gammie, all of those cases have made it clear that the social worker plays an integral role in making sure that the case moves along, in making sure that the evidence is presented to the judge, making recommendations to the judge about what the outcome ought to be. That is a critical role. And if you look, Your Honor, at the... Not any of this has anything to do with the one issue that's now left before us, does it? Or am I missing something? My point with respect to the pleading is, number one, it didn't give notice. I think that's apparent by the actions of those who addressed the pleading. It didn't give notice. I certainly would not have submitted a motion for summary judgment and left out an issue that was a critical issue if I had been able to identify it as an issue. And I respect the judge at the district court level sufficient to believe that if he had thought there was an issue, he would have identified it and would have told me that I didn't address it. It either would have been addressed or it wouldn't have been addressed, but it certainly would have been addressed in his decision. So I think it's clear from the actions of the parties here that there was no notice given. But even beyond that, if you conclude that there was notice given, as a matter of law, why do we have to go through the exercise of going back to the state court when it's clear from Katzenberg and from the other cases that plaintiff has failed to provide the analysis to suggest that there is a cause of action for compensatory damages under Article I, Section 1? Well, for one reason, I don't see any reason for us to get messed up in the intricacies of California privacy law. The California Supreme Court said it didn't want to get to yet either. I mean, for starters. Well, I think judges, wherever they sit, are capable of making legal decisions. And so I would just say that I think it is within – inherent within your authority to do that. But the fact of the matter is it didn't give notice. The pleading did not give notice, and that's why it's – it hasn't been addressed. Okay. Thank you, Your Honor. Your Honors, if I may, I just – I guess I better just read this sentence in the paragraph number 16 of page 03 of the – of the excerpts of record. Paragraph 16 reads. What are you reading from, Mr. Loftus? Your Honor, on page – No, no, no. But what document? The plaintiff's amended complaint. Okay. And which is page 3 of the complaint. Yeah. At paragraph 16. Yeah. It reads, as part of her effort to comply with an unwritten county policy designed to win at all costs by terminating the parental rights of suspected neglectful parents such as plaintiff in the above-described juvenile court proceedings, defendant Graves intentionally maliciously faxed plaintiff's above-described highly private medical and psychological records to her employer on April 23, 1999, in violation of 42 U.S.C. section 1983 and plaintiff's rights under the California Constitution as well as under the U.S. Constitution, end of quote. The same notice was given of a violation of the California Constitution as was given of the 1983 alleged violation. The reason defense counsel didn't address that, Your Honor, is because the 4th District Division I is probably at the vanguard of the California Appellate Court of Appeals in this area protecting an individual's rights to privacy. That's the reason he remanded the review of the federal court in the first place. That's the reason he didn't address it in his motion for summary judgment. Unfortunately, because he didn't address it, the district judge didn't pick up on it. Because I was not eloquent enough and smart enough to present it properly to the district judge in my amended response to the motion for summary judgment, it was not forcefully driven home to him. And so the judge never passed on it. He never passed on the merits. Obviously, this court doesn't want to get into the merits of it. But he never addressed this issue. It's a critical issue for Tammy, the violation of her rights to privacy under the California Constitution. And it doesn't deserve to be destroyed inadvertently by the district judge's dismissal with prejudice. Okay. Anything else? All right. Okay. We have no other questions, so thank you, counsel, for your argument. The matter just argued will be submitted. Next to your argument in Bell Gardens. Good morning, Your Honors. Steve Shuman for the Bell Gardens.
judges: Goodwin, Magill, Rymer